IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CHRISTOPHER D. ZURCHER,                              Civil No. 07-570-PK

       Petitioner,                      FINDINGS AND RECOMMENDATION

   v.

GUY HALL,

       Respondent.


    TODD H. GROVER
    143 S.W. Shevlin-Hixon Dr.
    Suite 203
    Bend, OR  97702

       Attorney for Petitioner

    HARDY MYERS
    Attorney General
    JONATHAN W. DIEHL
    Assistant Attorney General
    Oregon Department of Justice
    1162 Court Street, NE
    Salem, OR  97301

       Attorneys for Respondent


   1 - FINDINGS AND RECOMMENDATION -

PAPAK, Magistrate Judge.

Petitioner, Christopher D. Zurcher, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his prison sentence for Attempted Aggravated Murder and First-Degree Kidnapping.  For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#16) should be denied, and judgment should be entered dismissing this action with prejudice.

## BACKGROUND

In November 1999, Zurcher was indicted on charges of Attempted Aggravated Murder, First-Degree Kidnapping, and Second-Degree Kidnapping after taking an infant child and leaving him in a dumpster, intending that he die.  On July 6, 2000, pursuant to a plea agreement, Zurcher pleaded guilty to Attempted Aggravated Murder and First-Degree Kidnapping, admitting that he "picked up the baby from his home and left him in a dumpster" and the state moved to dismiss the Second-Degree Kidnapping charge.  The parties made no agreement with respect to sentencing.

Zurcher was sentenced on August 10, 2000, approximately six weeks after the United States Supreme Court issued its decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  The sentencing court applied an upward departure to 240 months for Aggravated Murder and  a presumptive sentence of 120 months for First-Degree Kidnapping, of which 90 months were to be served consecutively to the sentence for murder, for a total sentence of 330 months

2 - FINDINGS AND RECOMMENDATION -

imprisonment.

On January 3, 2001, Zurcher filed an Amended Petition for Post-Conviction Relief ("PCR"), asserting that his trial counsel was ineffective for failing to file a notice of appeal.  The PCR court granted relief in the form of a delayed appeal.  (#14 Ex. 116.)  Zurcher filed a delayed Notice of Appeal, but then moved to dismiss the appeal before he filed an appellate brief.  The Oregon Court of Appeals granted his motion and dismissed the appeal.  (#14 Ex. 117.)

On, or about August 5, 2004, Zurcher filed a Second Amended Petition for Post-Conviction Relief, alleging several ineffective assistance of counsel claims, including failure to object to the upward departure at sentencing. (#14 Ex. 118.)  The PCR court denied relief. (#14 Ex. 123.) The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  *Zurcher v. Hall*, 209 Or. App. 87, 149 P.3d 347 (2006), *review denied* 342 Or. 504, 155 P.3d 875 (2007).

On April 16, 2007, Zurcher filed an Amended Petition for Writ of Habeas Corpus in this Court (#16), raising the following ineffective assistance of trial counsel claims:

(a) Counsel failed to recognize and raise an *Apprendi*-based objection to the trial court's imposition of a durational departure sentence on Count 1 [aggravated murder] - a sentence based not on facts plead in the indictment or admitted by the Defendant, but on facts found by the trial court at the time of sentencing;

(b)  [C]ounsel failed to recognize and raise an
     *Apprendi*-based objection to the trial court's
     imposition of a consecutive sentence on Count 2
     [Kidnaping] - a sentence based not on facts plead
     in the indictment or admitted by the Defendant,
     but on facts found by the trial court at the time
     of sentencing;

c)   [C]ounsel failed to recognize and raise an
     *Apprendi*-based objection to the trial court's
     order providing that Mr. Zurcher is ineligible for
     any generally applicable release or leave programs
     with respect to Counts 1 and 2 - an order
     predicated on facts not admitted by the Defendant,
     but found by the trial court at the time of
     sentencing.

Zurcher argues the PCR trial court decision denying relief

on these claims is contrary to and an unreasonable application of

established federal law.  Respondent contends claims (b) and (c)

were not presented to any state court and are procedurally

defaulted, and claim (a) is without merit.

**DISCUSSION**

I.   Procedurally Defaulted Claims

Before a federal court may consider granting habeas corpus

relief, a state prisoner must have exhausted all available state

court remedies either on direct appeal or through collateral

proceedings.  *See* 28 U.S.C. § 2254 (b)(1); *O'Sullivan v.

Boerckel*, 526 U.S. 838, 842 (1999) (state courts must have an

opportunity to act on claims before they are presented in a

federal habeas petition).  A state prisoner satisfies the

exhaustion requirement by fairly presenting his claims to the

appropriate state courts at all appellate stages afforded under

   4 - FINDINGS AND RECOMMENDATION -

state law.  *Baldwin v.* Reese, 541 U.S. 27, 29 (2004); *Casey v.*

*Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004); *Castillo v.*

*McFadden*, 370 F.3d 882, 886 (9th Cir. 2004).  A claim is fairly

presented when it apprises the state court of the facts and legal

theory upon which the claim is premised.  *Insyxiengmay v. Morgan*,

403 F.3d 657, 668 (9th Cir. 2005); *Weaver v. Thompson*, 197 F.3d

359, 364 (9th Cir. 1999).  In Oregon, the Oregon Supreme Court is

the highest state court with jurisdiction to hear post-conviction

claims in satisfaction of the exhaustion requirement.  *See* Or.

Rev. Stat. § 138.650 (2005).

A state prisoner procedurally defaults federal claims if he

fails to raise them as federal claims in state court or fails to

present the merits because he did not comply with applicable

state procedural rules.  *O'Sullivan*, 526 U.S. at 848; *Coleman v.*

*Thompson*, 501 U.S. 722, 750 (1991).  The State can successfully

assert a procedural default defense to federal habeas review

unless the prisoner can show both "cause" for the procedural

default and actual prejudice, or the prisoner demonstrates that

failure to consider the claims will result in a fundamental

miscarriage of justice.  *Edwards v. Carpenter,* 529 U.S. 446, 451

(2000); *Coleman*, 501 U.S. at 750; *Insyxiengmay*, 403 F.3d at 665.

A review of the record reveals that Zurcher did not present

claims (b) and (c) to the state courts at all appellate stages.

Because he cannot again seek state post-conviction relief, *see*

5 - FINDINGS AND RECOMMENDATION -

Or. Rev. Stat. 138.550 (3) (2005), these claims are procedurally

defaulted.  Zurcher has made no showing of cause and prejudice to

excuse his procedural default, nor has he demonstrated that a

fundamental miscarriage of justice will result if the Court does

not consider his claim.  Moreover, Zurcher's briefing to this

Court focuses solely on claim (a).  For these reasons, habeas

relief as to claims (b) and (c) should be denied.

II.  The Merits

A.    Standard of Review

A habeas petitioner is not entitled to relief in federal

court unless he demonstrates that the state court's adjudication

of his claim:

> (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law as determined by the Supreme
> Court of the United States; or
>
> (2)resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The terms "contrary to" and "unreasonable application" have

independent meanings. *Sarausad v. Porter*, 479 F.3d 671, 676 (9th

Cir. 2007).  A state court decision is "contrary to" clearly

established federal law if it is "in conflict with", "opposite

to" or "diametrically different from" Supreme Court precedent.

*Williams, v. Taylor*, 529 U.S. 362, 388 (2000).  An "unreasonable

application" of clearly established Supreme Court law occurs when

6 - FINDINGS AND RECOMMENDATION -

"the state court identifies the correct governing legal principle
. . . but unreasonably applies that principle to the facts of the
. . . case."  *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir.
2004) *cert. denied*, 126 S. Ct. 484 (2005)(citing *Williams,* 529
U.S. at 413). "A federal court making an 'unreasonable
application' inquiry should ask whether the state court's
application of federal law was objectively unreasonable."
*Saurasad*, 479 F.3d at 676-77 (citing *Williams*, 529 U.S. at 409).
Thus, federal courts apply a "highly deferential standard for
evaluating state-court rulings."  *Id.* at 676 (internal citations
omitted).

"'Clearly established Federal law' is the governing legal
principle or principles set forth by the Supreme Court at the
time the state court renders its decision."  *Lambert*, 393 F.3d at
974.  The last reasoned decision by the state court is the basis
for review by the federal court.  *See Ylst v. Nunnemaker*, 501
U.S. 797, 803-04 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1233
n. 3 (9th Cir. 2002).  The decision of the state PCR trial court
is the basis for review in the instant proceeding.

B.   <u>Ineffective Assistance of Counsel</u>

A federal claim of ineffective assistance of counsel
requires that the petitioner prove his counsel's performance fell
below an objective standard of reasonableness and that there is a
reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different.
*Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at
390-91; *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).
The Court evaluates counsel's performance based on the facts of
the particular case, viewed as of the time of counsel's conduct.
*Strickland*, 466 U.S. at 689. ("A fair assessment of attorney
performance requires that every effort be made to eliminate the
distorting effects of hindsight.").  A petitioner's failure to
prove either the performance prong or the prejudice prong will
cause the claim to fail.  *Strickland*, 466 U.S. at 697.

   C.  <u>Analysis</u>

   Zurcher asserts the PCR court decision denying his claim was
an unreasonable application of *Strickland*, making habeas relief
available.  Zurcher contends trial counsel was ineffective for
failing to raise an *Apprendi*-based objection to the upward
departure sentence he received on his guilty plea to Attempted
Aggravated Murder.  This Court finds Zurcher's arguments to be
without merit.

   Approximately six weeks before Zurcher's sentencing,
*Apprendi* announced the following rule:

> "[o]ther than the fact of a prior conviction, any fact
> that increase[s] the penalty for a crime beyond the
> prescribed *statutory maximum* must be submitted to a
> jury, and proved beyond a reasonable doubt."

530 U.S. at 490 (emphasis added).  Four years later, in *Blakely
v. Washington*, 542 U.S. 296 (2004), the Supreme Court defined

"statutory maximum" as "the maximum sentence a judge may impose

solely on the basis of the facts reflected in the jury verdict or

admitted by the defendant[,]" and "not the maximum sentence a

judge may impose after finding additional facts . . . ."  542

U.S. at 303-304 (2004).

Under Oregon law, Zurcher's 240-month upward departure

sentence was the statutory maximum for Attempted Aggravated

Murder, a class A felony.  Or. Rev. Stat. §§ 161.605;

161.405(2)(a) (1999).  In addressing Zurcher's claim, the PCR

court stated:

> [M]y position has been in the past -- and it will
> continue to be until told differently -- that while
> *Apprendi* was existent, there was no definition from
> which we could utilize *Apprendi* that would make
> application to cases of this nature.
>
> *Blakely* came down after this case.  I don't find
> it an incumbent responsibility upon an attorney to
> anticipate what our Supreme brethren might do insofar
> as case law is concerned.  There's a substantial change
> in case law, and I find no inadequacy of counsel --
> appellate or trial level -- to have failed to bring up
> those issues at the time of sentencing or during the
> course of trial.

(#14 Ex. 122, 8.)  The court also noted having read the pleadings

and documentation.  *Id.* at 9.

### 1.    Sufficiency of the PCR Court's Review

Zurcher contends the PCR court did not conduct the requisite

case by case analysis under *Strickland*, (#20, 17-18), and that

its determination was, thus, contrary to and an unreasonable

application of *Strickland*.  (#27, 10-11.)  Zurcher also contends

9 - FINDINGS AND RECOMMENDATION -

that because the PCR court did not make findings of fact with respect to counsel's failure to raise an *Apprendi*-based objection, its decision does not warrant deference.

I find Zurcher's contention that the PCR court did not consider the facts and circumstances of his case to be speculative given that the PCR court clearly stated "I've been through the documentation, read both parties' pleadings, and am prepared to proceed at this time insofar as a ruling is concerned." (#14 Ex. 122, 9.) Under § 2254, state courts are presumed to know and follow the law, and their decisions are given the benefit of the doubt. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002.) Furthermore, "state courts are not required to address every jot and tittle of proof suggested to them, nor need they 'make detailed findings addressing all the evidence before [them].'" *Taylor*, 366 F.3d 992, 1001 (9th Cir. 2004) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 346 (2003)).

2.    Failure to Raise *Apprendi* Objection

Zurcher argues counsel should have objected that *Apprendi* precluded his sentence enhancement since he had not admitted the necessary facts for the departure. Zurcher further asserts that his attorney's error prejudiced his case because the attorney failed to preserve the issue for appellate review, which would have led to a remand for resentencing.

A court reviewing an ineffective assistance of counsel claim

cannot require that an attorney anticipate a decision in a later

case.  *Lowry*, 21 F.3d 344; *see also Sophanthavong v. Palmateer*,

378 F.3d 859, 870 (9th Cir. 2004)(holding attorney provided

effective assistance in advising client regarding guilty plea;

attorney was not required to accurately predict how courts would

resolve question regarding sufficiency of evidence for

conviction); *Murtishaw v. Woodford*, 255 F.3d 926, 949 (9th Cir.

2001) (holding an attorney can reasonably overlook a potential

defense "owing to its uncertain and undeveloped character").

Other circuits, however, have held that counsel's failure to

raise an issue whose resolution was "clearly foreshadowed by

existing decisions" constituted ineffective assistance.  *See,*

*e.g., Lucas v. O'Dea*, 179 F.3d 412, 420 (6th Cir. 1999).

    Here, Zurcher contends language in *Apprendi* made it

"reasonably clear" that Oregon's sentencing scheme was

unconstitutional.  He argues that because counsel had a "clean

slate" from which to raise an *Apprendi*-based objection and there

was nothing to lose by doing so, the failure to raise the

objection demonstrates "counsel performed below the standard of

reasonable competence in the community."  In support of this

argument, Zurcher cites two cases in which *Apprendi*-based

objections were filed.[1]  *Id.* at 9.

---

    [1] *State v. Dilts*, 179 Or. App. 238 (2002) challenged an upward
departure sentence based on the court finding the defendant's
actions were racially motivated.  *State v. Ice*, 343 Or. 248 (2007),

Although no Oregon court had yet construed *Apprendi* at the time that Zurcher was sentenced, this Court cannot conclude that Zurcher's counsel was ineffective for failing to raise an *Apprendi* objection.  Zurcher acknowledges his sentencing argument "did not follow inevitably from the majority opinion in *Apprendi*, . . . [and that] [t]he argument involved one of two plausible interpretations of the decision."  (#27, 4.) *Apprendi* discussed judicial discretion in sentencing rather extensively and stated the limits of judicial discretion were defined by the statutory limits prescribed by the legislature.[2]  As a result, until *Blakely*, Oregon courts understood statutory maximums to be the maximum terms of imprisonment set forth in state statutes.  *See State v. Dilts*, 39 P.3d 276 (Or. App. 2002), *aff'd* 82 P.3d 593 (Or. 2003), *vacated by Dilts v. Oregon*, 542 U.S. 934 (2004).

This Court must apply *Strickland*'s charge to guard against the distorting effects of hindsight.  Counsel cannot be faulted

---

*cert. granted*, 128 S. Ct. 1657 (2008), challenged consecutive sentences imposed after the court found the defendant's actions "caused or created a risk of causing greater, qualitatively different loss, injury or harm to the victim."

[2] "We have often noted that judges in this country have long exercised discretion . . . in imposing sentence *within statutory limits* in the individual case. . . . [T]he consistent limitation on judges' discretion to operate within the limits of the legal penalties provided highlight the novelty of a legislative scheme that removes the jury from the determination of a fact that, if found, exposes the criminal defendant to a penalty *exceeding* the maximum he would receive if punished according to the facts reflected in the jury verdict alone." *Apprendi*, 530 U.S. at 481-483 (footnotes and citations omitted).

for not anticipating that "statutory maximum" would be
interpreted as it was four years later in *Blakely*. *See Lowry v.
Lewis*, 21 F.3d 344, 346 (9th Cir. 1994). Therefore, under the
circumstances of this case, the PCR court reasonably concluded
that the failure of Zurcher's counsel to raise an *Apprendi*
objection at sentencing did not constitute ineffective
assistance.

Under *Strickland*, failure to prove either the performance
prong or the prejudice prong causes a claim to fail. The PCR
court found counsel was not deficient, and, accordingly, it was
neither contrary to nor an unreasonable application of *Strickland*
for that court to deny Zurcher relief on his claim of ineffective
assistance of counsel.

## CONCLUSION

For the reasons stated above, the Amended Petition for Writ
of Habeas Corpus (#16) should be DENIED, and judgment should
enter DISMISSING this case with prejudice.

## SCHEDULING ORDER

Objections to these Findings and Recommendation, if any, are
due July 16,2008. If no objections are filed, then the Findings
and Recommendation will be referred to a Unites States District
Judge for review and go under advisement on that date. If
objections are filed, any response to the objections will be due
fourteen days after the date the objections are filed and review

13 - FINDINGS AND RECOMMENDATION -

of the Findings and Recommendation will go under advisement on that date.

NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge.  These Findings and Recommendations are not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 1st day of July, 2008.


 /s/ Paul Papak
Paul Papak
United States Magistrate Judge